IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 13 2017

JAMES W. McCORMACK, CLERK
By:_____
                        DEP CLERK

**JACOB MCCHESNEY, Individually and
on behalf of All Others Similarly Situated**                    **PLAINTIFF**

vs.                             No. 4:17-cv-_824_-_SWW_

**HOLTGER BROS., INC.**   This case assigned to District Judge _Wright_   **DEFENDANT**
                          and to Magistrate Judge _Harris_

### ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Jacob McChesney, individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Class and Collective Action ("Complaint") against Defendant Holtger Bros., Inc., and in support thereof does hereby state and allege as follows:

### I.      PRELIMINARY STATEMENTS

1.      This is a collective action brought by Plaintiff Jacob McChesney ("Plaintiff") on behalf of himself and on behalf of other field workers employed by Defendants at any time within a three-year period preceding filing of this Complaint.

2.      Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other field workers

lawful overtime compensation for hours worked in excess of forty (40) hours per week and lawful compensation for all hours worked.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff Jacob McChesney is a resident and citizen of Lee County. He was employed by Defendants as a field worker within the three (3) years preceding the filing of the Original Complaint.

9. Plaintiff began his employment with Defendant in August of 2017 and is currently still employed by Defendant.

10. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

11. Defendant Holtger Bros., Inc., is a corporation licensed to do business in the State of Arkansas.

12. Defendant maintains a yard in Pulaski County, Arkansas. Plaintiff was based out of this location.

13. Defendant's registered agent for service of process is National Registered Agents, Inc., of AR, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

14. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

16. Defendant has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.   FACTUAL ALLEGATIONS

17. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

18. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly paid field worker.

19. As a field worker, Plaintiff's primary duties were to dig, construct and install fiber optic wire in locations in the field.

20. Plaintiff was classified as an hourly employee the entire duration of his employment with Defendant and paid an hourly rate.

21. During his shifts, Plaintiff almost always worked in excess of forty (40) hours per week throughout his tenure with Defendant. Other field workers worked similar hours.

22. Plaintiff and other field workers were not paid for all hours worked, nor were they paid properly for overtime.

23. Plaintiff and the other field worker employees were and are entitled to a their regular rate for all hours worked under forty (40) per week and overtime compensation in the amount of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of 40 in a week.

24. Defendant paid Plaintiff and other field workers overtime compensation for some hours worked in excess of forty (40) hours per week, but refused to pay Plaintiff and other field workers for all hours worked, even though Defendant was aware of those additional hours worked.

25. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other field workers violated the FLSA and the AMWA.

26. Defendant's workers routinely use hard hats, drilling equipment, lubricators, wrenches, and other tools, in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

### A.     FLSA § 216(b) Class

27. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

28. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

29. Plaintiff brings his FLSA claims on behalf of all hourly field workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment for all hours worked for Defendant and overtime premiums for all hours worked for Defendant in excess of 40 hours in a workweek; and

B.     Liquidated damages and attorneys' fees and costs.

30. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit.

31. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

32. The members of the proposed FLSA Class are similarly situated in that they share these traits:

   A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

   B. They were paid hourly;

   C. They recorded their time in the same manner; and

   D. They were subject to Defendant's common policy of denying pay for all hours worked, including overtime pay for some hours worked over forty (40) per work week.

33. Plaintiff is unable to state the exact number of the potential members of the FLSA Class but believes that the class exceeds 50 persons.

34. Field workers are by definition not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much as or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

35. Defendant can readily identify the members of the Section 16(b) class. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as

possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.   AMWA Rule 23 Class

36.   Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

37.   Plaintiff proposes to represent the class of hourly field workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

38.   Common questions of law and fact relate to all members of the proposed class, such as whether Defendant paid the members of the proposed class for all hours worked, including overtime in accordance with the AMWA.

39.   Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

40.   The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from

wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

41. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believes that the class exceeds 50 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

42. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

43. Concentrating the litigation in this forum is highly desirable because Defendant is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

44. No difficulties are likely to be encountered in the management of this class action.

45. The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as an hourly employee for Defendant and experienced the same violations of the AMWA that all other class members suffered.

46. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

47. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

48. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.   FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA)

49. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated herein.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

51. Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

52. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

54. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF

### (Collective Action Claim for Violation of FLSA)

55. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

56. Plaintiffs asserts this claim on behalf of all field workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the putative class for unpaid overtime compensation for all the hours he and they worked in excess of forty (40) each week and for unpaid regular compensation for all the regular hours they worked and were not paid.

57. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

58. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

59. Defendant failed to pay Plaintiff and those similarly situated at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto, and instead deliberately chose to only pay them for some of those hours.

60. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the proposed class is properly defined as follows:

> **All hourly-paid field workers employed by Defendant within the past three years.**

61. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

62. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

63. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF

### (Individual Claim for Violation of the AMWA)

64. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

65. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq*.

66. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

67. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

68. Defendant failed to pay Plaintiff all wages owed, as required under the AMWA.

69. Despite the entitlement of Plaintiff to payment for all hours worked and overtime payments under the AMWA, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful overtime premium.

70. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

71. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

72. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF

### (Class Action Claim for Violation of the AMWA)

73. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

74. Plaintiff, individually and on behalf of the proposed class, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

75. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Arkansas Code Annotated § 11-4-203(4).

76. Defendant failed to pay Plaintiff and members of the proposed class all wages owed, as required under the AMWA.

77. Despite the entitlement of Plaintiff and members of the proposed class to payment for all hours worked and overtime payments under the AMWA, Defendant failed to pay Plaintiff for all hours worked and failed to pay Plaintiff a lawful overtime premium.

78. Plaintiff proposes to represent the AMWA liability class of individuals defined as follows:

**All hourly-paid field workers employed by Defendant in Arkansas within the past three years.**

79. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

80. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

81. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and members of the proposed class as provided by the AMWA, Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate

## X.   EQUITABLE TOLLING

82. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

83. The applicable statute of limitations for Plaintiff's FLSA and AMWA causes of action on behalf of himself and all others similarly situated should be tolled because strict application of the statute of limitations would be inequitable.

84. Defendant, as an employer with a duty to comply with the FLSA and AMWA and the means to do so, was and has at all relevant times been in a far superior position than Plaintiff or members of the proposed class and collective action to understand the FLSA and AMWA and apply them appropriately, and Defendant should not be permitted to benefit from this imbalance of power by the passage of time.

85. Further, FLSA regulations require that all employers display posters advising employees of their minimum wage and overtime pay rights. 29 C.F.R. § 516.4.

86. An employer's failure to post required FLSA notices regarding minimum wage and overtime provisions can toll the statute of limitations. *United States v. Sabhnani*, 566 F. Supp. 2d 139 (E.D.N.Y. 2008); *Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 439 (D.N.J. 2001); *Kamens v. Summit Stainless, Inc.*, 586 F. Supp. 324, 328 (E.D. Penn. 1984).

87. Defendant failed to post all appropriate notices regarding the FLSA and AMWA.

## XI.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jacob McChesney respectfully prays as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(e) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(f) Judgment for damages for all unpaid regular and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(g) Judgment for damages for all unpaid regular and overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(h) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular and overtime compensation owed to Plaintiff and members of the class during the applicable statutory period;

(i)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations

(j)     An order directing Defendant to pay Plaintiff and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(k)     Such other and further relief as this Court may deem necessary, just and proper.

                                  Respectfully submitted,

                                  **PLAINTIFF JACOB MCCHESNEY,**
                                  **Individually and on behalf of**
                                  **All Others Similarly Situated**

                                  SANFORD LAW FIRM, PLLC
                                  One Financial Center
                                  650 South Shackleford Road, Suite 411
                                  Little Rock, Arkansas 72211
                                  Telephone: (501) 221-0088
                                  Facsimile: (888) 787-2040

By: _____
                                  Chris Burks
                                  Ark. Bar No. 2010207
                                  chris@sanfordlawfirm.com

and _____
                                  Josh Sanford
                                  Ark. Bar No. 2001037
                                  josh@sanfordlawfirm.com